**BIENVENU *vs.* SEGURA.**

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF
ST. MARTIN, THE JUDGE OF THE SEVENTH PRESIDING.

A receipt of full payment by the original *payee to the maker* of a note, of-
fered against the holder, will be disregarded, when shown to be collusive,
and when it is contradicted by the other evidence.

This suit is on a promissory note for $2000, signed by the
defendant, with his *marque ordinaire;* and payable to the

order of one F. Prados, *son-in-law* of the maker, on demand; who endorsed it to the plaintiff.

There were various defences set up, which with the material facts and evidence, are fully stated in the opinion of the court.

There was judgment for the plaintiff for $575, after allowing the credits marked on the note in figures, which were admitted. The defendant appealed.

*Voorhies*, for the plaintiff.

*Morse*, for the defendant and appellant.

*Morphy*, J. delivered the opinion of the court.

This action is brought on a promissory note of $2000, drawn by the defendant to the order of one Ferdinand Prados, and by the latter endorsed over to the plaintiff. The answer avers, that not being able to read or write, the defendant cannot say, whether the note sued on is signed with his mark or not, and requires strict proof; that if defendant ever signed any such note, it was given through error and without any valid consideration. He further avers, that being ignorant of his rights, he has paid a sum of $1424 18 on the said note, which is marked in figures on the back of the same, and for which he prays credit. In an amended answer the defendant avers, that he has paid the full amount of the note sued on, and prays to be dismissed from the suit. The plaintiff had a judgment for $575 82, the balance due on the note; and the defendant appealed.

On the trial, the credits in figures on the back of the note were admitted; the defendant then produced a receipt of Ferdinand Prados, the payee, to prove that he had paid the balance of the note; it is dated the 15th of Janvier, 1840. This receipt we cannot but view as a collusive attempt between the defendant and the payee, his son-in-law, to defeat the plaintiff's claim. It was no doubt considered in that light by the judge below; although it purports to have been given long before

A receipt of full payment by the original *payee to the maker* of a note, offered against the holder, will be disregarded, when shown to be collusive, and when it is contradicted by the other evidence.

WESTERN DIS.
September,1841.

BIENVENU
vs.
SEGURA.

this suit was instituted, the defendant, whose answer betrays such a desire to employ every possible means of defence in his power, says not a word of this receipt. It is only in his amended answer, filed two months after, that he pleads full payment. Two disinterested and reputable witnesses testify however, that after the note had become the property of the plaintiff, she had it presented for payment to the defendant by her son; this was some time in August, 1840. The defendant, on that occasion, acknowledged he owed the balance due, and never pretended, *until sued,* that he had paid more than $1424 18 on account; nor did he say, that it was given without consideration. He expressed a desire, not to pay more on it, adding, that it would be an injustice to his other children : notwithstanding the ignorance of the defendant, of which so much care has been taken to inform us, we believe, that had he really paid the balance yet due on this note, he would have required its production and delivery. The appellee has prayed for damages for the frivolous appeal. We think her entitled to them; but as the delay obtained by the appeal is inconsiderable, we will allow only five per cent. on the amount due.

It is therefore ordered, that the judgment of the court below be affirmed with costs and five per cent. damages,